**MARK WESBROOKS**
**THE WESBROOKS LAW FIRM, P.L.L.C.**
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 8381
(602) 262-0390 Fax: (602) 262-4353
Mark.Wesbrooks@azbar.org
State Bar No. 018690
Attorney for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re:<br><br>**MARIA DEL CARMEN TELLEZ,**<br><br>Debtor,<br><br><br><br>**WELLS FARGO BANK.,**<br><br>Movant,<br>v.<br>**MARIA DEL CARMEN TELLEZ**<br>, and Edward J. Maney, Trustee,<br><br>Respondents, | Case No: 2:09-bk-11277-RJH<br><br>CHAPTER 13<br><br>**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION**<br><br>and<br><br><br><br>**REQUEST FOR HEARING** |

COMES NOW, Respondent/Debtor, MARIA DEL CARMEN TELLEZ, and hereby respond to the Motion to Lift the Automatic Bankruptcy Stay (hereafter "Motion") filed by Wells Fargo Bank., ("Movant"), and in opposition to same would respectfully show the Court the following:

The allegations made by and through Movant's Motion are alleged in non-numbered paragraphs. Admission or Denial is made to the non-enumerated paragraphs within the Motion. Except as expressly admitted, the allegations of Movant's Motion are DENIED.

1. Debtors ADMIT the allegations of paragraph 1.
2. Debtors ADMIT the allegations of paragraph 2.

3. Debtors ADMIT the allegations of paragraph 3.

4. Debtors ADMIT only that Movant has a secured interest in the property described in their Motion and a secured claim against debtor as stated in paragraph 4 beginning on page 2, lines 22-24.

5. Debtors are without sufficient information to admit or deny the allegations of paragraph 5. Accordingly, the allegations are denied

6. Debtors are without sufficient information to admit or deny the allegations of paragraph 6. Accordingly, the allegations are denied.

7. Debtors AGREE to the proposal raised in paragraph 7, specifically and only the portion on page 3 lines 16-19. Debtors DENY any other portion of paragraph 7 as it related to the Foreclosure of the property.

8. Debtors DENY the allegations of paragraph 8.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should continue automatic stay protection, as Debtor's Chapter 13 Plan provides full adequate protection of Movant's interest as modified under the provisions of 11 U.S.C. § 1322. The property at issue ("Property") is property in which the Debtor acquired rights, pre-petition, by virtue of the Note and Deed of Trust attached to Movant's Motion (hereafter "Contract"), and further constitutes exempt homestead property of the Debtor under A.R.S. § 33-1101(A). Such property is the sole real property of the debtors that is necessary for an effective reorganization of Debtor's estate.

Debtor have significant equity in the real property at issue.

By way of further response, Debtor would show that adequate protection payments are provided under the terms of Debtor's Chapter 13 Plan. Such payments fully pay prepetition accrued arrearage over the life of the Plan. Such payment or arrearage is provided, subject only to payment of administrative expenses in the Chapter 13 case. Debtor is performing under the terms of the Chapter 13 Plan. Debtor has the intent and ability to timely pay ongoing monthly mortgage payments outside of debtors' plan as they become due. Such performance by the Debtor affords adequate protection to the Movant.

Denial of Movant's Motion is supported by the evidence, which shall be timely submitted for preliminary hearing of this matter by the Court.

Debtor will show that the following relief is appropriate:

> The automatic stay remains in force and effect regarding the indebtedness at issue and the subject Property; however, continuation of the automatic stay is conditioned upon Debtor's performance of all terms of the Chapter 13 Plan, and requirements of the office of the Chapter 13 Trustee's office.

## REQUEST FOR HEARING

Debtor moves the Court to schedule hearing in the above referenced matter, and that such hearing occur prior to the expiration of 30 days of the presentation of Movant's Motion as required under 11 U.S.C. Section 362(e). Debtor requests that the Court conduct such preliminary hearing, for purposes of examining the affidavit evidence of the parties, and making appropriate interim orders.

WHEREFORE Debtor prays that the Court deny Movant's Motion, and that the Court order that the automatic stay remain in effect, and that such stay be conditioned upon Debtor's performance of the requirements of Chapter 13, including the provisions of their Chapter 13 Plan.

RESPECTFULLY SUBMITTED this 8th of October, 2009,

    THE WESBROOKS LAW FIRM, P.L.L.C.

    /s/MW018690

    Attorney for Debtor/Non-Movant

COPY of the forgoing

Filed ECF with the United State Bankruptcy Court,
On this 8th day of October, 2009, to:

With COPIES delivered in to the following in
accordance with Local Rule and ECF Procedures:

BAC Home Loans Servicing L.P. c/o
Mark S. Bosco
Leonard J. McDonald
Tiffany & Bosco P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Edward J. Maney
Bankruptcy Trustee
PO Box 10434
Phoenix, AZ 85064

/s/jt